IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN HENRY HART,  CV. 06-04-KI

        Petitioner,  OPINION AND ORDER

   v.

JEAN HILL,

        Respondent.

James A. Halley
The Strowbridge Building
735 SW First Avenue
Portland, Oregon, 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.

1 -- OPINION AND ORDER

For the reasons set forth below, the petition is denied, and this proceeding is dismissed, with prejudice.

### **BACKGROUND**

On March 29, 2000, petitioner was convicted of Assault in the Second Degree, Unlawful Use of a Weapon, Coercion with a Firearm, Recklessly Endangering Another Person, Assault in the Fourth Degree (five counts), Burglary in the First Degree, Criminal Mischief in the Second Degree (two counts), Kidnaping in the First Degree, and Pointing a Firearm at Another. Petitioner was sentenced to a total of 226 months imprisonment.

Petitioner filed a direct appeal challenging evidentiary rulings of the trial court. The Oregon Court of Appeals affirmed from the bench. State v. Hart, 183 Or. App. 147, 52 P.3d 447 (2002). Petitioner did not seek review by the Oregon Supreme Court.

Petitioner subsequently filed a state post-conviction proceeding alleging that he was denied the effective assistance of trial counsel (listing fourteen particulars), was subjected to double jeopardy, and was denied his due process right to be present during all pretrial motion hearings. The post-conviction court denied relief, and petitioner appealed.

On appeal, petitioner assigned as error two claims of ineffective assistance of counsel (failure to properly argue motion to suppress and object to mid-trial amendment of indictment), and

2 -- OPINION AND ORDER

alleged that a pretrial motion hearing was held in his absence. Petitioner filed a supplemental *pro se* brief alleging that (1) trial counsel was ineffective because he was acting under a conflict of interest, and failed to adequately impeach Elaina Hart; (2) he was denied his right to be free from double jeopardy; and (3) he was denied due process. The Oregon Court of Appeals affirmed without opinion. Hart v. Hill, 202 Or. App. 440, 125 P.3d 101 (2005). Petitioner filed a petition for review to the Oregon Supreme Court, assigning error to trial counsel's failure to properly move to suppress and object to the amendment of the indictment; and alleging that a pretrial motion hearing was held in his absence. The Oregon Supreme Court denied review. 340 Or. 106, 129 P.3d 184 (2006).

In the instant proceeding, petitioner sets forth four grounds for relief in his amended petition: (1) ineffective assistance of counsel for failing to have petitioner present at all pretrial motion hearings and failing to adequately argue motion to suppress; (2) ineffective assistance of counsel for failing to adequately impeach Elaina Hart and failing to object to amendment of the indictment; (3) double jeopardy violation; and (4) due process violation.[1]

---

[1] On August 14, 2008, petitioner filed a motion to file a second amended petition deleting grounds for relief one and four and adding two claims. On December 1, 2008, petitioner's motion was denied.

3 -- OPINION AND ORDER

**DISCUSSION**

I.  **Procedural Default**.

Respondent moves the court to deny habeas corpus relief as to grounds for relief two and four on the basis that petitioner procedurally defaulted his available state remedies. Additionally, respondent argues that, to the extent that petitioner seeks to characterize ground for relief three as a double jeopardy claim, rather than an ineffective assistance of counsel claim, the ground for relief is procedurally defaulted. Resp. Reply at 3 n.2.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); Cook v. Schriro, 538 F.3d 1000, 1025 (9th Cir. 2008), cert. denied, 129 S.Ct. 1033 (2009).

A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Cook, 538 F.3d at 1025; Baldwin v. Reese, 541 U.S. 27, 29 (2004). The presentation of a claim in a procedural context in which it will not be considered by the state court is not a "fair presentation" for purposes of exhaustion. Castille v. Peoples, 489 U.S. 346, 351-52 (1989).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally

4 -- OPINION AND ORDER

defaulted.  Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Casey v. Moore, 386 F.3d 896, 919-21 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause and prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750.

**A.  Grounds for Relief Two and Three (Failure to Impeach/Double Jeopardy.**

In ground for relief two, petitioner alleges that trial counsel was ineffective for failing to adequately impeach Elaina Hart.  In ground for relief three, petitioner alleges that he was denied his right to be free from double jeopardy.

Respondent contends that these grounds for relief are procedurally defaulted due to petitioner's counsel's failure to raise the claims in the appeal from the denial of post-conviction relief.  In response, petitioner correctly notes that he raised the issues to the Oregon Court of Appeals in his "Pro Se Supplemental Appellate Brief."  Exh. 1 to Pet.'s Memo. of Points and Authorities.

However, petitioner failed to file a *pro se* brief to the Oregon Supreme Court raising the issues.  Because exhaustion requires a petitioner to raise the issues at all appropriate appellate levels, petitioner failed to properly exhaust these grounds for relief by failing to present them to the Oregon Supreme

5 -- OPINION AND ORDER

Court. Petitioner is now barred from presenting the claims to the Oregon Supreme Court, and cannot again seek state post-conviction relief (see O.R.S. 2.520, 138.550(3) & 138.650(1)). Hence, he has procedurally defaulted his available state remedies.

Petitioner argues that his procedural default should be excused due to ineffective assistance of post-conviction counsel and because he "sought to bring his *pro se* pleadings before the Oregon Supreme Court." This argument lacks merit because ineffective assistance of post-conviction counsel does not constitute cause sufficient to excuse a procedural default;[2] and because petitioner has made no showing that he properly moved the Oregon Supreme Court to accept a *pro se* brief raising these grounds for relief. See Custer v. Hill, 378 F.3d 968, 975 (9th Cir. 2004) (petitioner who moved to file *pro se* brief with Oregon Court of Appeals, but not with Oregon Supreme Court failed to show cause sufficient to excuse procedurally default); Or. R. App. P. 5.92(1); Exh. 3 to Pet.'s Memo. of Points and Authorities. Accordingly, habeas review of this portion of petitioner's second and third grounds for relief is precluded.

---

[2] In his *pro se* supplemental response, petitioner argues that the failure to appoint "suitable counsel" under O.R.S. 138.590(4) constitutes cause to excuse his procedural default. This argument fails because only the constitutional denial of effective assistance of counsel constitutes cause sufficient to excuse a procedural default. Smith v. Baldwin, 510 F.3d 1127, 1146-47 (9th Cir. 2007), cert. denied, 129 S.Ct. 37 (2008).

6 -- OPINION AND ORDER

B. **<u>Ground for Relief Four (Due Process)</u>**.

In ground for relief four, petitioner alleges that his right to due process was violated as follows:

> State of Oregon failed to inform Petitioner of his rights. Petitioner did not have knowledge needed to testify. The facts set forth in section #17 (a,b,c,d) show Petitioner was denied his rights to effective assistance of counsel, due process of law, double jeopardy protection and trial counsel allowed state to convict with no jurisdiction. U.S.C.A. 5th, 6th, 14th, Oregon Constitution sec 12, 11, art.1 sec. 5 art 7.

Amended Petition (#10) at 7-8.

In his motion to amend, and his supporting memorandum, counsel withdraws this ground for relief. In any event, the claim is procedurally defaulted. Petitioner did not raise a due process claim in his petition for post-conviction relief, or on appeal. Accordingly, petitioner failed to properly exhaust his state remedies. Because petitioner cannot again seek state post-conviction relief, his state remedies are procedurally defaulted as to this claim.

Petitioner offers no basis to excuse his procedural default of available state court remedies, nor has he demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice. Accordingly, habeas review of ground for relief four is precluded.

///

///

7 -- OPINION AND ORDER

**II.   The Merits**.

**A.   Ground for Relief One (Failure to Secure Petitioner's Presence at Pretrial Hearing/Failure to Adequately Move to Suppress**.

In his first ground for relief, petitioner alleges that trial counsel was ineffective for failing to secure petitioner's presence at a pretrial motion hearing, and failing to adequately move to suppress evidence. Petitioner's counsel withdrew this ground for relief in his motion to amend, and in his supporting memorandum. Petitioner similarly does not address this ground for relief in his *pro se* supplemental memorandum. Accordingly, it is treated as withdrawn. In any event, petitioner has failed to demonstrate that the post-conviction court's rejection of these claims was contrary to, or an unreasonable application of, clearly established federal law; or was premised upon an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

**B.   Grounds for Relief Two & Three (Failure to Object to Amendment of Indictment)**.

In grounds for relief two and three, petitioner alleges that trial counsel rendered ineffective assistance by failing to object to the amendment of the indictment during the course of the trial. The underlying facts of this ground for relief are as follows.

Immediately prior to resting its case, the prosecution moved to withdraw counts 6, 7, 17, 18, and 21, and to amend count 11 to reduce it to a misdemeanor. Trial Tr. at 514-15. Defense counsel made no objection to the dismissal of the charges. However,

8 -- OPINION AND ORDER

defense counsel immediately moved for a mistrial when the prosecution rested:

> [M]y last motion is [a] motion to dismiss this case without prejudice and declare a mistrial based upon the bringing of – the prejudicial effect of bringing this many and these kinds of charges and then dismissing these charges after the receipt of evidence in regards to these, the prejudicial effects that has on my client's ability to receive a fair trial.
>
> The cumulative effect of this number of charges and the number of charges that the State now has decided not to go with has a prejudicial effect that we think has tainted the trial and we ask the Court to declare a mistrial based on that cumulative effect as prejudicial effect on my client.

Id. at 523-24.

A claim of ineffective assistance of counsel, requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987).

At the state post-conviction proceeding, trial counsel submitted an affidavit in which he responded to petitioner's claim of ineffective assistance of counsel:

> Right before the State rested, it moved to dismiss Counts 6 and 7 (Reckless Endangering), Count 17 (Coercion), Count 18 (Sexual Abuse II), and Count 21 (Kidnapping II). It would be foolish to object to criminal counts being dismissed against a client. I did, however, move to dismiss the remaining counts against

9 -- OPINION AND ORDER

> petitioner on the grounds that petitioner had been unduly prejudiced when the jury heard evidence which would not have been admissible had the State not indicted Counts 6, 7, 17, 18, and 21. The trial court denied my motion.

Resp. Exh. 124 at 3.

In light of the fact that counsel moved for a mistrial when the prosecution rested, petitioner has failed to demonstrate how trial counsel's failure also to "object" to the dismissal of multiple charges, and the reduction of a charge to a misdemeanor, fell below an objective standard of reasonableness. Accordingly, the state court's rejection of this ground for relief is neither contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

## **CONCLUSION**

Based on the foregoing, petitioner's amended petition (#10) and request for a hearing are DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this   5th   day of March, 2009.

                                               /s/ Garr M. King
                                               Garr M. King
                                               United States District Judge